# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHERONE L. DUNCAN,
            Appellant,

     v.

DEPARTMENT OF THE TREASURY,
            Agency.

DOCKET NUMBER
DA-0752-18-0112-I-1

DATE: February 27, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Danielle B. Obiorah, Esquire, Jonesboro, Georgia, for the appellant.

Ariya McGrew, Esquire, and Heather A. Southwell, Esquire, New York,
   New York, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal. On petition for review, the appellant argues that the administrative judge erred in finding that the agency proved the charge of providing false information in matters of official interest and that the penalty was unreasonable. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply the correct analysis to the appellant's affirmative defenses of discrimination and retaliation, we AFFIRM the initial decision.

After the initial decision was issued, the Board clarified the proper analytic framework for adjudicating race and sex[2] discrimination claims under Title VII and disparate treatment disability[3] discrimination claims under the Rehabilitation Act. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21-25, 40. Under *Pridgen*, the appellant bears the initial burden of proving by preponderant evidence[4] that her race, sex, and/or disability was a motivating factor in her

---

[2] The appellant also claimed disparate treatment based on pregnancy. Discrimination on the basis of pregnancy is a type of sex discrimination protected under Title VII. 42 U.S.C. § 2000e(k); *see Thome v. Department of Homeland Security*, 122 M.S.P.R. 315, ¶ 26 (2015).

[3] A pregnancy-related impairment may qualify as a disability under the Rehabilitation Act when it imposes work-related restrictions that will be substantially limiting, even though they are only temporary. Equal Employment Opportunity Commission Enforcement Guidance on Pregnancy Discrimination and Related Issues, EEOC No. 915.003, 2015 WL 4162723 at *19 (June 25, 2015).

[4] A preponderance of the evidence is "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." 5 C.F.R. § 1201.4(q).

removal. *Pridgen*, 2022 MSPB 31, ¶¶ 21, 40. Here, the administrative judge found that the appellant failed to show that her race, sex, or disability were motivating factors in the agency's removal action. The appellant does not challenge these findings on review and we see no reason to disturb them.[5]

The appellant also alleged that the agency retaliated against her for requesting a reasonable accommodation. Claims of retaliation for engaging in activity protected under the Rehabilitation Act, including requesting reasonable accommodation for a disability, are subject to a but-for causation standard. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 33; *see Pridgen*, 2022 MSPB 31, ¶¶ 44, 47. As noted in the initial decision, the appellant alleged that the agency retaliated against her for requesting a reasonable accommodation when it required her to submit weekly requests for advanced sick leave, began investigating her, denied her request to transfer to Connecticut in December 2016, and denied her request to work out of an office closer to her home. ID at 38-39; IAF, Tab 8 at 14, Tab 24 at 7, 9, Tab 31 at 6. In addition, she testified that her supervisor called her while she was on leave to ask her to do substantive work and that he became upset when she input time for her work. ID at 39; HT at 533-35. Although these experiences and denials may have been unpleasant, the administrative judge implicitly found that they did not show that the appellant's protected activity was a motivating factor in her removal. Because the appellant failed to satisfy the lower motivating factor standard, she necessarily failed to meet the higher but-for standard. *Desjardin*, 2023 MSPB 6, ¶ 33. In any event, the appellant does not challenge this finding on review, and we see no reason to revisit it.

---

[5] Because we discern no error with the administrative judge's motivating factor analysis or conclusions regarding the appellant's discrimination claims, it is unnecessary for us to address whether discrimination or retaliation was a but-for cause of the removal action. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-25.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:      _____
                                       Gina K. Grippando
                                       Clerk of the Board

Washington, D.C.